UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RIVIERA STAR INTEREST LP** § § § *Plaintiff*, § § **v.** § § **GREAT LAKES INSURANCE SE** § § *Defendant.* § § § | **CIVIL ACTION NO. 3:23-CV-01786-G** |

**PLAINTIFF RIVIERA STAR INTEREST LP'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF THE COURT:

Plaintiff Riviera Star Interest LP ("Plaintiff") files this First Amended Complaint against Defendant Great Lakes Insurance SE ("Defendant"), and in support, Plaintiff would respectfully show the following:

**A. PARTIES**

1. Plaintiff is a Texas limited partnership with its principal place of business in Dallas County, Texas.

2. Defendant is an insurance company doing business in Texas. Defendant was previously served with process and has made an appearance in this case.

**B. JURISDICTION & VENUE**

3. Plaintiff originally filed this action in Dallas County District Court on June 22, 2023, and Defendant subsequently removed the action to federal court on August 10, 2023.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the property at issue is situated in this district.

## C.  CONDITIONS PRECEDENT AND NOTICE

5. All conditions precedent have been performed or have occurred.

6. Defendant received pre-suit notice in compliance with Tex. Ins. Code § 542A.003.

## D.  AGENCY AND *RESPONDEAT SUPERIOR*

7. Whenever in this complaint it is alleged that Defendant did any act or omission, it is meant that Defendant itself or its agents, officers, servants, employees, and/or representatives did such act or omission, and it was done with the full authorization or ratification of Defendant or done in the normal routine, course, and scope of the agency or employment by/of Defendant or its agents, officers, servants, employees, and/or representatives.

## E.  FACTS

8. Plaintiff is the named insured under a property insurance policy, GLPRTX000398-02 (the "Policy"), issued by Defendant. The Policy insures, among other things, against losses from storm damage to Plaintiff's properties, namely, the real properties and improvements located at 2006 California Dr., Dallas, Texas 75204; 2010 California Dr., Dallas, Texas 75204; and 2014 California Dr., Dallas, Texas 75204 (the "Properties").

9. On or about September 4, 2022, during the policy period, a storm caused damage to the Properties. Said event caused extensive damage to the Properties, including detached, broken, and loose roof shingles. Plaintiff noticed damage to the Properties and contacted Defendant to report the damage.

10. On or about January 4, 2023, Plaintiff submitted claim number 63522-80404 (the "Claim") to Defendant against the Policy for storm damage to the roofs and exteriors of the Properties.

11. Plaintiff requested that Defendant honor its contractual obligations to cover the cost of repairs to the Properties.

12. Defendant assigned David Eason ("the Adjuster") to adjust the Claim. Defendant and the Adjuster conducted a substandard investigation of the Claim, failed to thoroughly investigate Plaintiff's losses, and spent an inadequate amount of time on the investigation. The Adjuster failed to fully inspect all damage to the Properties.

13. Despite obvious, visible storm damage, the Adjuster, on his behalf and on behalf of Defendant, verbally misrepresented to Plaintiff's representative at the time of the inspection and thereafter that the Properties had no storm-related damage and refused to acknowledge the missing, torn, and loose shingle tabs that existed all over the roofs. Defendant repeated these representation in a letter to Plaintiff dated March 2, 2023.

14. Therefore, Defendant and the Adjuster set out to deny properly-covered damages by performing a results-oriented investigation of the Claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Properties.

15. Defendant failed to fulfill its contractual obligation to adequately compensate Plaintiff under the terms of the Policy. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

16. Even though the Properties sustained obvious damage caused by a covered occurrence, Defendant misrepresented the scope of damage to the Properties and misrepresented the scope of coverage under the Policy.

17. Defendant failed to make an attempt to settle the Claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy.

18. Defendant refused to adequately compensate Plaintiff under the terms of the Policy and failed to conduct a reasonable investigation of the Claim.

19. Defendant failed to offer Plaintiff a reasonable explanation for why the Claim was denied.

20. Defendant failed to timely acknowledge the Claim, begin an investigation of the Claim, and request all information reasonably necessary to investigate the Claim within the statutorily mandated time of receiving notice of the claim.

21. Defendant failed to timely acknowledge the Claim, begin an investigation of the Claim, and request all information reasonably necessary to investigate the Claim within the statutorily mandated time of receiving notice of the claim.

22. Defendant delayed full payment of the Claim longer than allowed, and, to date, Plaintiff has not received full payment for the Claim.

23. Since the time the Claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, Defendant has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the Claim. This conduct is a violation of Defendant's duty of good faith and fair dealing.

24. Defendant knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, Defendant knowingly concealed all or part of material information from Plaintiff.

25. Plaintiff has suffered damages because of Defendant's actions described above. The mishandling of the Claim also caused a delay in Plaintiff's ability to fully repair the Properties, resulting in additional damages.

### F. CAUSES OF ACTION

26. Each of the foregoing paragraphs is incorporated by reference in the following:

### I. Breach of Contract

27. Plaintiff entered into a valid and enforceable contract of insurance with Defendant. The contract, known as the Policy, provided coverage for Plaintiff's Properties. On or about

4

09/04/2022, a storm occurred during the policy period, causing extensive damage to the Properties, including damage to the roof and fence. Pursuant to the terms of the Policy, Plaintiff was entitled to coverage for losses resulting from storm damage to the Properties. Plaintiff promptly notified Defendant of the damage and submitted the Claim for the necessary repairs and restoration. However, Defendant breached the terms of the Policy by wrongfully denying and/or underpaying the Claim, thereby failing to fulfill its contractual obligations to Plaintiff.

28. Defendant's inadequate investigation, denial and underpayment of the Claim resulted in damages to Plaintiff, who relied on the Policy to cover the cost of repairs and restoration of the Properties.

29. Plaintiff has performed all conditions precedent required by the Policy, and Defendant's breach of contract has caused harm and financial loss to Plaintiff.

30. Therefore, Defendant's breach of the insurance contract between Defendant and Plaintiff entitles Plaintiff to seek damages for the resulting harm and losses suffered.

## II. Violation of Prompt Payment of Claims Statute

31. Defendant's failure to pay for Plaintiff's losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of § 542.051 et seq. of the Texas Insurance Code.

32. Plaintiff, therefore, in addition to its claims for damages, is entitled to interest and attorney's fees as set forth in § 542.060 of the Texas Insurance Code.

## III. Bad Faith/Violation of Deceptive Trade Practices Act ("DTPA")

33. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

34. Defendant violated § 541.051 of the Texas Insurance Code by:

    1) making statements misrepresenting the terms and/or benefits of the policy.

35. Defendant violated § 541.060 by:

1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff respective claims with respect to which the insurer's liability had become reasonably clear;

3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of their respective claims or offer of a compromise settlement of a claim;

4) failing within a reasonable time to affirm or deny coverage of Plaintiff's respective claims or submit a reservation of rights to Plaintiff; and

5) refusing to pay the Claim without conducting reasonable investigations with respect to the Claim;

36. Defendant violated § 541.061 by:

1) making an untrue statement of material fact;

2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

4) making a material misstatement of law; and

5) failing to disclose a matter required by law to be disclosed.

37. At all material times thereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

38. Defendant violated the DTPA in the following respects:

1) Defendant represented that the agreements confer or involve rights, remedies,

6

or obligations which it does not have, or involve, or which are prohibited by law;

      2)     Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction that Plaintiff would not have entered had the information been disclosed;

      3)     Defendant, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)-(3) in that Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

39. Defendant knowingly committed the acts complained of. Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

## G. DAMAGES

40. As a direct and proximate result of Defendant's conduct, Plaintiff suffered actual damages in the amount of $122,186.33, subject to the policy deductible and any valid and applicable policy endorsements. This figure is based upon an inspection and calculation made by Plaintiff's building consultant and reflects the amount of covered, storm-related damage to the Properties arising from the subject loss.

## H. ATTORNEY'S FEES

41. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

42. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorney's fees and expenses through trial and any appeal. Plaintiff therefore seeks all reasonable attorney's fees incurred in prosecuting its causes of action through trial

and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

43.     Plaintiff is also entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

## I. RESERVATION OF RIGHTS

44.     Plaintiff reserves the right to prove the amount of damages at trial. Plaintiff reserves the right to amend its complaint to add additional counts upon further discovery.

## J. JURY DEMAND

45.     Plaintiff asserts its rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## PRAYER

For these reasons, Plaintiff Riviera Star Interest LP prays that upon final hearing of this case it recover all damages from and against Defendant Great Lakes Insurance SE that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorney's fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and all other relief, general or special, at law or in equity, to which Plaintiff may show itself to be justly entitled.

[*signature on next page*]

Respectfully submitted,

**ZAR LAW FIRM**

*/s/ Matthew Zarghouni*
Matthew Zarghouni
State Bar No. 24086085
Brandon Kuhre *admitted pro hac vice*
State Bar No. 24102048
3900 Essex Lane, Ste 1011
Houston, Texas 77027
Office: (346) 980-6600
Fax: (281) 888-3150
Matt@zar-law.com
Brandon@zar-law.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that on January 11, 2024, I electronically filed the foregoing using the CM/ECF system which will send notification of such filings to the following:

Valerie Henderson
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
1301 McKinney Street, Suite 3700
Houston, Texas 77010
vhenderson@bakerdonelson.com

Alexis Del Rio
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
5956 Sherry Lane, 20th Floor
Dallas, Texas 75225
adelrio@bakerdonelson.com

ATTORNEY FOR DEFENDANT

*/s/ Matthew Zarghouni*
Matthew Zarghouni

9